**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Mark Lawrence Davies,<br><br>    Petitioner,<br><br>v.<br><br>Leslie D. Tritten, Field Office Director SPM; Christopher Wray, Director of the FBI; Elaine Duke, Acting Secretary of U.S. Department of Homeland Security; and Jeff. B. Sessions, United States Attorney General,<br><br>    Respondents. | Case No. 0:17-cv-03710 (SRN/SER)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Marcus A. Jarvis, Marcus-Jarvis Law Limited, 3621 Eighty-Fifth Avenue North, Suite 201, Brooklyn Park, Minnesota 55443, for Petitioner.

Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondents.

SUSAN RICHARD NELSON, United States District Judge

## I.  INTRODUCTION

This matter is before the Court on Petitioner Mark Lawrence Davies's Petition for Writ of Habeas Corpus [Doc. No. 1] ("Habeas Pet.") and Motion seeking declaratory and injunctive relief [Doc. No. 4] ("Motion for Preliminary Injunction"). For the reasons stated below, Petitioner's Motion for Preliminary Injunction is denied and his Habeas Petition is dismissed without prejudice.

## II. BACKGROUND

Petitioner is a citizen and national of Liberia who entered the United States in 2006, as a derivative to his mother's Diversity Visa. (Ligon Decl., Ex. 1 [Doc. No. 15-1], at 4; Habeas Pet., at 4.) Petitioner subsequently adjusted his status to lawful permanent resident. (Habeas Pet., at 3; Resp. to Pet. for Writ of Habeas Corpus [Doc. No. 14] ("Resp."), at 2.)

On April 5, 2016, Petitioner pleaded guilty to one count of domestic violence assault under North Dakota law. (Ligon Decl., Ex. 1, at 15.) A North Dakota District Court sentenced him to time-served and probation, and placed him under a no-contact order. (*Id.* at 10, 17.) On April 13, 2016, Petitioner pleaded guilty to violating the no-contact order. (*Id.* at 17.) Again he was sentenced to time-served and probation. (*Id.*)

On the basis of these crimes, the Government began removal proceedings in January, 2017. Petitioner has been detained pending removal proceedings since January 20, 2017. (*Id.* at 5-8.) Initially, bond was set at $10,000, and Petitioner moved for a bond redetermination. (*Id.* at 35.) The immigration judge denied the motion, finding that Petitioner was detainable under 8 U.S.C. § 1226(a), which provides for nonmandatory detention during removal proceedings. (*Id.*) The judge revoked the $10,000 bond. (*Id.*) Petitioner did not appeal that determination.

Several months later, Petitioner obtained new counsel and again moved for bond redetermination. (*Id.*) On August 9, 2017, an immigration judge determined that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c), because of two convictions involving controlled substances on his record. (*Id.* at 34-36.) The judge held that Petitioner

was ineligible for bond under 8 U.S.C. § 1226(c). (*Id.*) Petitioner appealed to the Board of Immigration Appeals, and that appeal is pending. (Habeas Pet., at 6.)

Meanwhile, Petitioner underwent removal proceedings. On April 12, 2017, an immigration judge ordered him removed to Liberia. (Ligon Decl., Ex. 1, at 19.) Petitioner filed an appeal to the Board of Immigration Appeals. (*Id.* at 20-22.) In an order dated June 27, 2017, the Board determined that a portion of the transcript from the merits hearing was missing and remanded the case for further proceedings. (*Id.* at 25.) On remand, Petitioner was again adjudicated removable. (*Id.* at 26.) Petitioner filed an appeal with the Board of Immigration Appeals on August 22, 2017. (*Id.* at 28-31.)

After his second motion for bond redetermination was denied, Petitioner filed this Petition for Writ of Habeas Corpus and Motion for Preliminary Injunction. He asserts that his continued detention is unreasonable and violates his due process rights, and that the immigration judge applied the wrong legal standard to decide that he was subject to mandatory detention under 8 U.S.C. § 1226(c).

## III. DISCUSSION

### A. Judicial Review of Immigration Detention under Habeas Corpus

"Writs of habeas corpus may be granted by the Supreme Court, . . . the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). "Habeas corpus is 'governed by equitable principles' " and incorporates concerns of comity and the orderly

administration of justice. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Fay v. Noia*, 372 U.S. 391, 438 (1963)).

Congress has imposed some statutory limits on habeas corpus petitions in immigration proceedings. A petition for review from an order of removal cannot be brought under the habeas statute, and must go directly to the circuit courts of appeals. *See* 8 U.S.C. § 1252(a)(5). Further, judicial review of detention decisions made under 8 U.S.C. § 1226 is limited by the following provision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

*Id.* § 1226(e). The Supreme Court has determined that § 1226(e), however, does not bar a constitutional challenge to the length of pre-removal detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003). But the Supreme Court has not clarified the scope of those discretionary judgments that the provision does shield from judicial review. *Id.* at 516-17; *see also id.* at 534 (O'Connor, J., concurring) ("There is simply no reasonable way to read [§ 1226(e)] other than as precluding all review, including habeas review, of the Attorney General's actions or decisions to detain criminal aliens pursuant to § 1226(c)."). Aware that the scope of habeas corpus jurisdiction in this area is unclear, the Court proceeds with caution.

**B. Law Governing Immigration Detention**

The federal immigration statute imposes mandatory detention upon certain criminal aliens while their removal is pending. Under 8 U.S.C. § 1226(c)(1)(B), the Government "shall take into custody any alien who . . . is deportable by reason of having committed,"

4

among others, crimes relating to a controlled substance. *See* 8 U.S.C. § 1227(a)(2)(B)(i). The immigration judge who heard Petitioner's second bond redetermination motion found that mandatory detention applied because he had two controlled substances convictions on his record. (Ligon Decl., Ex. 1, at 34-36.)

In some cases, difficulties or delay in executing a removal order can cause protracted detention. *See, e.g.*, *Moallin v. Cangemi*, 427 F. Supp. 2d 908, 912 (D. Minn. 2006). In *Zadvydas v. Davis*, the Supreme Court held that detention following a final order of removal cannot exceed "a period reasonably necessary to secure removal." 533 U.S. 678, 699 (2001). The Court created a rebuttable presumption that detention is unlawful if it exceeds six months and "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

The Supreme Court went on to consider the constitutionality of mandatory detention *before* a final removal order, in *Demore v. Kim*, 538 U.S. 510 (2003). In *Demore*, the petitioner had been detained for six months without a final order of removal when a district court granted his petition for writ of habeas corpus. *Id.* at 530-31. The Supreme Court reversed the district court's decision, holding that Congress may require that criminal aliens "be detained for the brief period necessary for their removal proceedings." *Id.* at 513. In an important concurrence, Justice Kennedy wrote: "were there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." *Id.* at 532-33 (Kennedy, J., concurring).

All circuit courts of appeal who have addressed the question have read *Demore* and *Zadvydas* to impose a reasonableness requirement on detention before a final removal order. *See Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199, 1214 (11th Cir. 2016); *Reid v. Donelan*, 819 F.3d 486, 494-96 (1st Cir. 2016); *Lora v. Shanahan*, 804 F.3d 601, 614 (2d Cir. 2015); *Rodriguez v. Robbins*, 715 F.3d 1127, 1138 (9th Cir. 2013); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011); *Ly v. Hansen*, 351 F.3d 263, 268 (6th Cir. 2003); *see also Hussain v. Mukasey*, 510 F.3d 739, 743 (7th Cir. 2007) (stating, in dicta, that "[i]nordinate delay" in removal proceedings "might well justify relief").

But the circuits disagree as to how courts should assess the reasonableness of a detention. The Second and Ninth Circuits have adopted a brightline rule, requiring a particular finding of flight risk or danger to the community to justify a pre-removal detention exceeding six months. *See Lora*, 804 F.3d at 614-15; *Rodriguez*, 715 F.3d at 1135-36. The First, Third, Sixth, and Eleventh Circuits have eschewed the brightline rule, adopting a fact-dependent reasonableness standard. *See Sopo*, 825 F.3d at 1215; *Reid*, 819 F.3d at 494-97; *Diop*, 656 F.3d at 233; *Ly*, 351 F.3d at 267-68. The Eighth Circuit has not opined on this question.

### C. Duration of Petitioner's Detention

Petitioner argues that his detention, now running over eight months, violates his due process rights by unduly restricting his liberty. (Pet. for Declaratory and Injunctive Relief [Doc. No. 5] ("Pt'r's Mem."), at 6.) Petitioner further argues that the Government cannot demonstrate that he will be removed "in the near foreseeable future." (*Id.*)

6

The Government asserts that Petitioner's detention is constitutional because it has a foreseeable end date. (Resp., at 9-10.) The Government denies that any undue delay has prolonged Petitioner's detention, except for the "unforeseen error" of the missing transcript, which it states is "unlikely to be repeated." (*Id.* at 9)

Because Petitioner's appeal of his removal order is pending, his detention is not a detention following a final removal order and is not governed by *Zadvydas*. *See* 8 U.S.C. § 1231(a)(1)(B); *Zadvydas*, 533 U.S. at 682. Rather, Petitioner is being detained before a final removal order and, therefore, his constitutional challenge to his detention order is governed by *Demore*. Petitioner urges the Court to adopt a reasonableness standard under other circuit precedent and find the length of his detention to be unreasonable.

The Court, however, need not decide whether Petitioner's detention must meet a reasonableness standard, because that determination would not change the result here. Under the current circumstances, Petitioner's detention is reasonable. The delay in Petitioner's case was apparently caused by an unusual mistake, and a second hearing, presumably with a complete transcript, is currently being reviewed by the Board of Immigration Appeals. (Ligon Decl., Ex. 1, at 25.) There is nothing in the record to suggest that Petitioner's removal proceedings do not have a foreseeable end date. *See Demore*, 538 U.S. at 527. Petitioner's eight-month detention is not dramatically longer than the detention that was upheld in *Demore*, *id.* at 530-31, and falls far short of the detentions struck down in similar cases, *see Sopo*, 825 F.3d at 1220-21 (3 and a half years); *Reid*, 819 F.3d at 501 (14 months); *Diop*, 656 F.3d at 223 (2 years, 11 months); *Ly*, 351 F.3d at 270 (18 months).

But as the period of detention grows, the burden of proving it reasonable grows as well. *See Zadvydas*, 533 U.S. at 701. So while Petitioner's detention is currently reasonable, it may cease to be reasonable if his removal proceedings extend beyond the "brief period necessary" to make the final removal determination. *Demore*, 538 U.S. at 513. For this reason, the Court will dismiss Petitioner's challenge to the duration of his detention without prejudice.

### D. Defects of Bond Redetermination Decision

Petitioner also argues that his second bond denial violated his due process rights because the immigration judge applied the improper legal standard. (Pet'r's Mem., at 3, 5-6.) He asserts that his two misdemeanor marijuana convictions should not trigger mandatory detention, and further claims that § 1226(c) does not apply to him because he was not detained immediately after his release from criminal custody. (Habeas Petition, at 5-6.)

The Government argues that this Court's jurisdiction does not extend to questions of *how* § 1226(c) must be applied, but is limited to determining whether his detention violates his constitutional rights. (Resp., at 6.) If we do reach the issue, the Government asks that we grant deference to the decision of the Board of Immigration Appeals in *In re Rojas*, which held that immediate detention after criminal release is not necessary to detain an alien under 8 U.S.C. § 1226(c). (*Id.* at 10 (citing *In re Rojas*, 23 I. & N. Dec. 117 (BIA 2001).)

Here, § 1226(e)'s jurisdictional limitation may prohibit the Court from deciding this issue. It is notable that the *Demore* court split on the question of how to apply 8 U.S.C. § 1226(e). *See* 538 U.S. at 517; *id.* at 534 (O'Connor, J., concurring). But the Court does

not reach that issue here. Instead the Court dismisses this claim without prejudice, because Petitioner has not exhausted the administrative remedies at his disposal.

Here, exhaustion of remedies is not statutorily required except in challenges to a removal order. *See* 8 U.S.C. § 1252(d)(1). "But where Congress has not clearly required exhaustion, sound discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Exhaustion is favored "because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency," especially "when the agency proceedings in question allow the agency to apply its special expertise." *Id.* at 145; *see also Munaf*, 553 U.S. at 693 (describing the prudential concerns that courts should weigh in habeas petitions).

Petitioner has appealed his bond denial to the Board of Immigration Appeals, an entity with expertise in immigration law. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1017 (7th Cir. 2004). Petitioner's counsel confirmed at oral argument that he has raised the same objections in that appeal as he has in this petition. In view of the "twin purposes of protecting administrative agency authority and promoting judicial efficiency," *McCarthy*, 503 U.S. at 145, this Court will not consider Petitioner's claim that his bond denial was unlawful before he has exhausted his administrative remedies. *See, e.g.*, *Diaz v. McElroy*, 134 F. Supp. 2d 315, 319-20 (S.D.N.Y. 2001) (dismissing petitioner's challenge to his detention, without prejudice, for failure to exhaust administrative remedies). The Court will dismiss Petitioner's challenge to his bond denial without prejudice.

### E. Preliminary Injunction

Petitioner has argued for a preliminary injunction in this matter. (Pet'r's Mem. at 7.) In evaluating a motion for preliminary injunction, the Court considers, among other factors, "the probability that movant will succeed on the merits." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Because the Court has concluded that Petitioner's detention is reasonable and that his challenge to his bond denial must be dismissed for failure to exhaust administrative remedies, the Court holds that Petitioner has not demonstrated a likelihood of success on the merits. His Motion for a Preliminary Injunction will therefore be denied.

### IV. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion for Preliminary Injunction [Doc. No. 4] is **DENIED**; and
2. Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 25, 2017         s/Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States District Judge